UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 2:20-cr-85-FtM-38NPM

CHRISTOPHER TED DULUK

## OPINION AND ORDER[1]

Before the Court is Defendant Christopher Duluk's Appeal of Pretrial Detention and Request for Amendment of Order of Detention (Doc. 38) and the Government's response in opposition (Doc. 40). For the below reasons, the Court denies the appeal.

## BACKGROUND

Defendant is indicted for possessing child pornography in violation of 18 U.S.C. § 2252(a)(4) and (b)(2). (Doc. 1). After a hearing, the Magistrate Judge detained Defendant pending trial because he is a flight risk and danger to the community. (Doc. 20). His decision relied on these facts:

- the great weight of evidence against Defendant
- Defendant facing a long period of incarceration if convicted
- Defendant's parents supporting him because he has no income and few assets
- Defendant having no dependents, obligations, or financial ties to this District
- Defendant's pending state charges for impersonating a law enforcement officer
- Defendant giving false or misleading statements to law enforcement and the Court's pretrial services officer

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

- Defendant having a possible substance abuse problem

- Defendant not responding respond to law enforcement who knocked at his front door when executing a lawful search warrant

- Defendant having a history of altercations with his neighbors, some of which included him threatening violence

- Defendant having a years-long history of obtaining and deleting thousands of child pornographic images and videos

- Defendant not abiding by conditions of release, including restrictions on having devices capable of accessing the internet, and the continued possession of prohibited material for which he now faces prosecution

(Doc. 20 at 1-2). The Magistrate Judge thus found no condition or combination of conditions would reasonably assure Defendant's required appearance and the community's safety.

Defendant then moved to reopen the detention hearing because of changed circumstances. (Doc. 26). He asked the Magistrate Judge to revisit his danger-to-the-community finding because the two guns found in his home were confirmed to be movie props or toys. Without operational firearms, Defendant argued he was not a danger to his neighbors and community. The Magistrate Judge denied the motion because these additional facts changed neither the risk-of-flight analysis nor his finding that "no condition or combination of conditions would reasonably assure the community that it would be safe from the danger of exploitation occasioned by the Defendant acquiring any child pornography." (Doc. 27). Defendant now appeals the detention order. (Doc. 38).

## LEGAL STANDARDS

A defendant may move to amend or appeal a detention order. 18 U.S.C. § 3145(b)-(c). The district court reviews the matter de novo. *United States v. Hurtado*, 779 F.2d 1467, 1481 (11th Cir. 1985). "Review by the district court contemplates

2

an 'independent consideration of all facts properly before it.'" *United States v. Megahed*, 519 F. Supp. 2d 1236, 1241 (M.D. Fla. 2007) (quoting *United States v. Gaviria*, 828 F.2d 667, 670 (11th Cir. 1987)). The district court may consider the parties' papers and the evidence at the detention hearing or, if necessary, "marshal further evidence by convening a hearing." *Id.* at 1241-42 (citation omitted). Here, the Court has reviewed the entire record de novo and finds it need not hold another hearing.

There is a presumption against holding a defendant pending trial. *See United States v. Salerno*, 481 U.S. 739, 755 (1987) ("In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception."). The Bail Reform Act provides the applicable standards. *See* 18 U.S.C. § 3142. "In common parlance, the relevant inquiry is whether the defendant is a 'flight risk' or a 'danger to the community.'" *United States v. Vasquez-Benitez*, 919 F.3d 546, 550 (D.C. Cir. 2019) (citation omitted). The test is disjunctive. A finding on either ground compels a defendant's detention. *See United States v. King*, 849 F.2d 485, 488 (11th Cir. 1985).

But the burden of proof differs for each prong: the government must establish that a defendant is a flight risk by a preponderance of the evidence, while a defendant's danger to the community must be proven by clear and convincing evidence. *See United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir. 1985). In deciding whether detention is necessary, a court considers four factors:

> (1) the nature and circumstances of the offense charged, including whether the offense involves a minor victim;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person including:

3

> a. the person's character, mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record about appearance at court proceedings; and
>
> b. whether, the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial
>
> (4) the nature and seriousness of the danger to any person or the community posed by the person's release

18 U.S.C. § 3142(g).  Against this backdrop, the Court turns to Defendant's appeal.

## DISCUSSION

After considering the entire record against the § 3142(g) factors, there is no condition or combination of conditions that will reasonably assure Defendant's required appearance and the community's safety.  Defendant is both a flight risk and danger to the community for the below reasons.

The nature and circumstances of Defendant's crime favors detention.  Defendant is charged with possessing images and videos of children under twelve years old engaging in sexually explicit conduct.  He had around 240 videos and 156 *active* images, plus thousands of deleted materials.  Defendant's possession was not a phase—it spanned nearly four years.  And during this time, Defendant was a local schoolteacher.

The evidence against Defendant is also overwhelming.  Police recovered the illegal images and videos from a thumb-drive in Defendant's car titled, "Christopher TD," and a laptop in his home where he lived alone.  Defendant also faces a daunting sentence—twenty years in federal prison.

Although Defendant has no violent criminal record, his history and characteristics favor detention. One could characterize Defendant as a wolf in sheep's clothing. He presents as an educated professional who followed his parents' footsteps into education. But while a teacher, he allegedly hid a years-long proclivity for prepubescent child pornography. Defendant also faces a pending state charge for impersonating law enforcement. Police investigated Defendant last year only because of citizen complaints about him. The police learned that Defendant equipped his car with lights, a siren, and an "official" government license plate and stopped cars. Neighbors also complained about Defendant's erratic driving. Police once saw him speeding at nearly 100 miles per hour and weaving in and out of traffic. That is not all. An incident left Defendant threatening to shoot a neighbor if the neighbor came on his property. A separate incident led Defendant to following a sixteen-year-old girl to her home because she braked checked him—he wanted to know where she lived in his community.

Defendant's erratic behavior follows his mental health history. His mother testified at the detention hearing that her son is bipolar, suffers severe anxiety, and attended psychiatric therapy. (Doc. 28 at 40-41). Defendant takes medication for these conditions, but police also found prescription medicine prescribed to others and marijuana in his home. So, although Defendant may proclaim that he does not have a substance abuse problem, the record suggests otherwise.

Defendant's immediate stability is also concerning. Any education jobs are likely closed to him for the near future (if not forever) because of his pending federal and state charges. So he has likely lost his career. Defendant has also been unemployed since October 2019, and lied to the pretrial services officer about why—a lie which the Court

5

takes seriously.² He told the officer he left his job to help care for his parents who had moved to Florida. But he was laid off. And Defendant's parents have lived in Florida for the last three years, and they care for Defendant, not vice versa.

With no job or home, Defendant has no ties to the local community. Defendant is not a Florida native. He moved here six years ago from Rhode Island. Other than his parents, the record mentions no siblings, children, spouses (current or ex), or significant others who are local. Defendant is thirty-one years old and could spend the next twenty years in prison. He has two cars to his name, mental health issues, and no ties to the local community. He is a quintessential flight risk.

Adding to this mountain of evidence, Defendant was on bond for two pending state court cases when arrested here. The state cases are for impersonating a law enforcement officer and possessing child pornography. A condition of release for Defendant's child pornography charge was ceasing all internet access. (Doc. 38-1). Despite that condition, Defendant bought an iPhone because he could not keep his old phone number with a flip-phone. The Magistrate Judge noted Defendant using a device with internet functionality in his detention order. Defendant now makes much about his efforts to have Verizon turn off the internet function in arguing that he has never violated the state's condition of release. The Court need not wade into this distinction. What matters to the Court is Defendant purchasing an iPhone just because he wanted to keep his old number. Meaning he risked owning a device with internet capability rather than get a new number and phone that unequivocally complied with his bond condition. His

---

² In Defendant's appeal, he tries to minimize his lie by saying that he was embarrassed about being laid off. (Doc. 38 at 11). But there's no excuse for lying to the pretrial services officer. And his willingness to do so about an inconsequential detail leaves casts doubt about his character for truthfulness.

decision tells the Court much about Defendant's genuine efforts to follow conditions of release.

Finally, the Court notes that Defendant did not have operational guns in his home. But the Court still finds Defendant's actions (e.g., threatening to shoot a neighbor and following a teenage girl home) and mental health points to unpredictable behavior that makes him a danger to the community.

In conclusion, Defendant is a flight risk and danger to the community so the Court cannot safely release him on bond.

Accordingly, it is now

**ORDERED:**

Defendant Christopher Ted Duluk's Appeal of Pretrial Detention and Request for Amendment of Order of Detention (Doc. 38) is **GRANTED in part** and **DENIED in part**.

(1) The appeal is granted to the extent that the undersigned has reviewed record and detention hearing de novo.

(2) The appeal is denied to the extent that the Court will not amend the detention order. Defendant must remain in custody.

**DONE AND ORDERED** in Fort Myers, Florida on this 28th day of August 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record